# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO SALGADO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>LAND O' LAKES, INC.,<br><br>Defendant. | Case No. 1:13-cv-00798-LJO-SMS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT.<br><br><br>(Docs. 25 & 28) |

Plaintiff Arturo Salgado brought this action against defendant Land O' Lakes, Inc., arising out of defendant's allegedly discriminatory employment practices.  Plaintiff now moves to modify the court's Scheduling Order and seeks leave to file a First Amended Complaint ("FAC") to add claims for time-shaving, failure to pay the applicable minimum wage, and for unpaid overtime against Defendant Land O' Lakes, Inc., and to add Kozy Shack Enterprises, Inc. ("Kozy Shack") as a defendant ("additional defendant").  Having carefully considered the parties' arguments, as well as the entire record in this case, the Court will grant Plaintiff's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 12, 2013, Plaintiff Arturo Salgado, individually and on behalf of others similarly situated ("Plaintiff"), filed a putative class action lawsuit against Defendant Land O' Lakes ("LOL") in the California Superior Court for the County of Stanislaus asserting the following claims: (1) Violation of California Labor Code §§ 226.7 and 512(a) (Denial of Meal and Rest Breaks); (2) Violation of California Labor Code § 226(a) (Inaccurate Wage Statements); (3) Violation of California Labor Code §§ 201 and 202 (Unpaid Wages at Discharge); (4) Violation of California Labor Code § 227.3 (Failure to Pay Accrued Vacation Pay at Discharge); (5) Violation of California

1

Business & Professions Code §§ 17200, et seq.; and (6) Conversion. *See Salgado v. Land O' Lakes, Inc.*, Case No. 684012. On May 24, 2013, LOL removed the action to this Court. Doc. 1.

On August 21, 2013, the parties filed a Joint Scheduling Report ("JSR"), in which plaintiff stated they did not anticipate amending the pleading. Doc. 10. On August 28, 2013, the undersigned presided over an initial scheduling conference where the parties' counsel appeared telephonically. Doc. 11. Counsel agreed to stage discovery, focusing first on class certification discovery issues. At the same conference, the parties exchanged initial disclosures with counsel requesting ninety days to review exchanged documents, to meet and confer, and asked to continue the scheduling conference to a future date in order to meet with a better understanding and focus on the scope and depth of discovery issues. The Court continued the scheduling conference to November 20, 2013, and reminded the parties to file an amended JSR prior to the upcoming conference.

On November 12, 2013, the parties filed a joint request for a continuance of the scheduling conference, which the Court granted. Docs. 12 & 13. On December 11, 2013, the parties filed an amended JSR which repeated that Plaintiff did not anticipate amending the pleading. Doc. 14.

On December 18, 2013, the undersigned presided over the continued scheduling conference where counsel for both parties appeared telephonically. Doc. 15. At the hearing, the parties reported actively meeting and conferring regarding scheduling issues as they pertain to class certification discovery, fact discovery, scheduling a class certification motion deadline, and so forth. The Court noted that Defense counsel agreed to confer with her client regarding stipulating to an amended complaint. In light of the parties' cooperative work regarding scheduling, the Court continued the scheduling conference, but emphasized that the Court was not inclined to grant further delays. *Id.*

On January 28, 2014, Land O' Lakes filed the parties' joint request for a continued scheduling conference. Doc. 16. The Court granted the request for a continuance, scheduling it for March 5, 2014, and emphasized that this was the last stipulated rescheduling the Court would allow. Doc. 17. The January 28 Order continued the deadline to file a stipulation with an amended

complaint or a motion to file an amended complaint to three court days prior to the continued scheduling conference on March 5, 2014.

On February 26, 2014, parties filed a second amended JSR where Plaintiff, in reliance on a statement by Defendant LOL, stated that he did not anticipate amending the complaint to include Kozy Shack as a defendant. Plaintiff wrote that he expected Defendant to produce additional payroll records. He specifically noted that if upon reviewing those records he believed claims for unpaid wages were warranted, he may yet still amend the complaint. Doc. 18.

On March 5, 2014, the undersigned presided over a telephonic scheduling conference held in chambers and off the record where both parties were telephonically represented by counsel. Doc. 19. Accordingly, the Court issued a Phase One Discovery Order setting the class certification discovery deadline for March 2, 2015, and requiring that the class certification motion to be filed and noticed before the undersigned by May 15, 2015. Doc. 20.

At the request of the parties on March 19, 2014, the Court set an informal discovery dispute conference to be held telephonically on March 26, 2014. Doc. 21. On March 26, 2014, the undersigned presided over the informal telephonic conference at which the parties resolved their discovery dispute by stipulation. Doc. 23. The parties committed to filing a joint submission of the stipulation to the Court for approval. *Id*. The parties did not provide the Court with the promised joint submission.

On June 25, 2014, Plaintiff filed his Motion for Leave to File First Amended Complaint. Doc. 25. Before the Court could hold a hearing on Plaintiff's motion, the parties again requested a telephonic discovery dispute conference, which the Court set for July 9, 2014. Doc. 27.

In advance of the conference, Plaintiff filed the present motion to amend on July 1, 2014 (Doc. 28), seeking to join Kozy Shack as an additional defendant and add additional claims.

On July 9, 2014, the undersigned presided over another informal telephonic discovery dispute conference in chambers and off the record where both parties were telephonically

3

represented by counsel. Doc. 29. In the shadow of Plaintiff's motion to amend pending before the Court, counsel discussed discovery issues in dispute as outlined in the parties' synopses provided to the Court. The Court refrained from formally addressing the parties' discovery issues in light of its imminent resolution of Plaintiff's motion. *Id.*

In Defendant's opposition to Plaintiff's motion filed July 23, 2014 (Doc. 30), LOL contends that no good cause exists for Plaintiff's delay in filing his motion and, in any event, his amended complaint is prejudicial to LOL, against the interests of judicial economy, and futile. Doc. 30. In his Reply filed July 30, 2014, Plaintiff seeks to join Kozy Shack as an additional defendant and add additional claims. Doc. 31. The Court has deemed Plaintiff's motion suitable for decision without oral argument. *See* Local Rule 230(g). The motion is now ripe for consideration.

**ANALYSIS**

Generally, a motion to amend is subject to Federal Rule of Civil Procedure 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). However once the district court has filed a Scheduling Order pursuant to Rule 16, which establishes a timetable for amending pleadings, that rule's standards control. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607–08 (9th Cir. 1992). If the court finds Rule 16 satisfied, it must then evaluate the request to amend under Rule 15(a)'s more liberal standard. *Id.* at 608. Here, the Court has yet to render a Scheduling Order and the matter is not yet set for trial. However, the Court did set forth a deadline to file an amended complaint in its January 28, 2014 Order. Doc. 17. Therefore, because Plaintiff seeks to modify that timetable for amending pleadings, the Court will first apply Rule 16(b).

**I.   Rule 16**

Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause." Fed.R.Civ.P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment," and "[i]f that party was not diligent, the inquiry should end."

4

*Johnson,* 975 F.2d at 609.  Although the court may consider prejudice to opposing party, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

When evaluating whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification." *Id.* at 610.  When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." *Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D.Cal.1999) (citations omitted).

This case has been plagued with discovery disputes.  Throughout this early stage of litigation, the record demonstrates that there has been delayed production of materials that may be consequential to the case.  The Court observed Plaintiff's efforts to assist in resolving the parties' disputes by his active participation in the numerous discovery dispute conferences, assisting the Court in creating a workable schedule, and clearly expressing that he may seek to amend his complaint upon review of those disputed materials.  In all but the most recent, the parties were able to resolve the issues during the informal conferences.  Plaintiff's counsel has continued to cooperate with opposing counsel, seeking additional discovery and alerting the Court and Defendant about the possibility of new claims or defendants that may arise as a result of discovery.  Both parties have complied with the Court's orders to file joint statements regarding the discovery disagreements which aided in the resolution of the dispute.  Although Plaintiff initially reported in joint status reports that he did not anticipate amending the pleadings, more recently, Plaintiff explicitly

emphasized that he would seek to amend the complaint after reviewing forthcoming discovery if he believed new claims or defendants were warranted.

The Court concludes that Plaintiff has demonstrated good cause to amend his complaint. First, the Court finds that Plaintiff has been diligent in assisting the court in creating a workable Rule 16 order.  Second, Plaintiff represents that the facts giving rise to the new claims and defendant were discovered as a result of the documents involved in the various discovery disputes.  Specifically, Plaintiff asserts that despite previously requesting documentation relating to payroll records, in March 2014, he finally received all of the information he needed from Defendant in order to assess Plaintiff's payroll and time records.  Accordingly, Plaintiff learned of the facts giving rise to his additional claims during the course of discovery and provided a copy of the proposed amended complaint to Defendant in early May 2014.  Thus, Plaintiff's failure to previously include such claims and defendant arose from the development of matters he could not have reasonably foreseen at the time the Court's order setting a deadline for amendment was issued in January 2014.  Third, Plaintiff has repeatedly mentioned to the Court and Defendant's counsel that he would seek to amend his complaint, and formally does so well before the discovery deadline.  As such, the Court concludes that Plaintiff was reasonably diligent in discovering the alleged omissions and requesting amendment under the circumstances of this case. *See Johnson,* 975 F.2d at 609.

**II.     Rule 15**

Having determined that plaintiffs satisfy Rule 16's good cause standard, the court must still determine whether plaintiffs fulfill the requirements of Rule 15. *Id.* at 608.  "Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings." *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir. 2000).  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.' " *Sonoma Cnty. Ass'n of*

6

*Retired Emps. v. Sonoma County,* 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

"Because Rule 16(b)'s 'good cause' inquiry essentially incorporates the [previous] factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile." *Lewis v. Russell,* Civ. No. 2:03–2646 WBS CKD, 2012 WL 4711959, at *3 (E.D.Cal. Oct.3, 2012); *see also Algee v. Nordstrom, Inc.,* No. C 11–301 CW, 2011 WL 6779324, at *2 (N.D.Cal. Dec. 27, 2011). However, denial of leave to amend on futility grounds alone is rare. *Netbula v. Distinct Corp.,* 212 F.R.D. 534, 539 (N.D.Cal. 2003). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.* The court will do so here.

## CONCLUSION AND ORDER

Therefore, because Plaintiff's diligence satisfies Rule 16's "good cause" requirement, and the Court cannot conclude at this stage that amendment would clearly be futile under Rule 15, the Court will grant Plaintiff's motion. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Motion for Leave to File First Amended Complaint (Doc. 28) is **GRANTED**.

Therefore, **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 25) is **DISMISSED AS MOOT.**

**IT IS FINALLY ORDERED** that Plaintiff shall file the amended complaint within ten (10) days of this Order.

IT IS SO ORDERED.

Dated:   **September 12, 2014**         /s/ Sandra M. Snyder
                                                         UNITED STATES MAGISTRATE JUDGE