[Counsel listed on next page]

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| ARTURO SALGADO, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LAND O'LAKES, INC., KOZY SHACK ENTERPRISES, INC., and DOES 1-25, inclusive,<br><br>    Defendants. | **Case No. 1:13-CV-00798-LJO-SMS**<br>Assigned to Honorable Lawrence J. O'Neill and the Honorable Sandra M. Snyder<br><br>**JOINT STIPULATED PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIAL INFORMATION; AND ORDER THEREON**<br><br>Complaint Filed: April 12, 2013<br>FAC Filed:  September 16, 2014<br><br>[To be decided by Hon. Sandra M. Snyder] |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

NEAL J. FIALKOW (SBN: 74385)
LAW OFFICE OF NEAL J. FIALKOW INC.
215 North Marengo Avenue, Third Floor
Pasadena, CA 91101
Telephone: (626) 584-6060
Facsimile: (626) 584-2950
Email: njfialkow@sbcglobal.net

AARON C. GUNDZIK (SBN: 132137)
REBECCA G. GUNDZIK (SBN: 138446)
GARTENBERG GELFAND HAYTON LLP
801 S. Figueroa St., Suite 2170
Los Angeles, CA 90017
Telephone: (213) 542-2100
Facsimile: (213) 542-2101
Email: agundzik@gghslaw.com
Email: rgundzik@gghslaw.com

SAHAG MAJARIAN II (SBN: 146621)
LAW OFFICE OF SAHAG MAJARIAN, II
18250 Ventura Boulevard
Tarzana, CA 91356
Tel: 818-609-0807
Facsimile:  (828) 609-0892
Email: sahagii@aol.com

**Attorneys for Plaintiff**
**ARTURO SALGADO**


JOAN B. TUCKER FIFE (SBN: 144572)
jfife@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111
(415) 591-1000
(415) 591-1400

EMILIE C. WOODHEAD (SBN: 240464)
ewoodhead@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:     (213) 615-1700
Facsimile:     (213) 615-1750

**Attorneys for Defendant**
**LAND O'LAKES, INC. and KOZY SHACK**
**ENTERPRISES, LLC (erroneously sued**
**and served as Kozy Shack Enterprises, Inc.)**

Subject to the approval of this Court, Plaintiff Arturo Salgado ("Plaintiff") on the one hand, and Defendants Land O'Lakes, Inc. and Kozy Shack Enterprises, LLC ("Defendants") (collectively, the "Parties"), by and through their respective counsel, hereby stipulate to the following protective order:

## I.  PURPOSES AND LIMITATIONS

This is a putative wage and hour class action.  Disclosure and discovery activity in this Action will likely involve production of confidential, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than litigating this matter would be warranted.  The information and documentation likely to be sought includes, not exclusively, putative class members' personal contact information, compensation and payroll information, personnel records, employee data, and internal policies and procedures.  The parties now seek this Stipulated Protective Order from the Court based upon the status of this Action as a putative class action on behalf of numerous individuals from whom it would be difficult or impossible to seek permission or consent to enter into such stipulation with regard to their rights and privacy and in compliance with the Court's Order issued on December 18, 2014 (Dkt. 53).

The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The Parties further acknowledge that nothing in this Stipulated Protective Order shall preclude either Party from asserting that a document is of such a confidential or private nature that it should not be produced or that it should only be produced in redacted form, or from seeking a protective order to preclude the production of certain documents.  The Parties further acknowledge, as set forth in section 10 below, that this Stipulated Protective Order creates no automatic entitlement to file confidential information under seal.  Rather, the Parties must request leave of Court to file documents under seal in compliance with the requirements of the United States District Court, Eastern District of California, Local Rule 141.

## II.  DEFINITIONS

2.1     <u>Action</u>:  means the above-captioned action pending in this Court, including any

1 related discovery pretrial, post-trial or appellate proceedings.

2     2.2    <u>Confidential Information and Items</u>:  information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c); confidential or sensitive company proprietary business information; information about current, past or prospective employees that is of a confidential or private nature, including putative class members' personal contact information protected by the right of privacy; compensation and payroll information, personnel records, and employee data; internal policies and procedures; and information involving proprietary, trade secrets, or confidential business or financial information.

    2.3    <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (and their support staff).

    2.4    <u>Customer</u>:  any individual who utilized Defendants' services and is referenced in any way and/or format pursuant to this Action, including, but not limited to, in deposition testimony, documents produced by either Party, written discovery responses, and/or briefing.

    2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

    2.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, electronic data, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.7    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who is not a past or current employee of a Party or a Party's competitor, and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

    2.8    <u>"Highly Confidential – Attorneys' Eyes Only" Information and Items</u>:  extremely

sensitive "Confidential Information and Items" of which the disclosure to another Party or Non-Party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.9     House Counsel:  attorneys who are employees of a Party (as well as their support staff).

2.10    Non-Party:  any third party that produced or produces any material to a Party in connection with this Action, regardless of whether those materials are produced voluntarily or in response to a subpoena, or other form or informal discovery process.

2.11    Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action (and their support staff).

2.12    Party: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

2.13    Privileged Material: all items or information, or portions of items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, electronic data, testimony, transcripts, or tangible things) that are subject to the attorney-client privilege and/or the work product doctrine.

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Any designation as confidential does not make section 6 below inapplicable.

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**III.    SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected

Material (as defined above), and Confidential Information and Items, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

## IV.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V.   DESIGNATING PROTECTED MATERIAL

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>:  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Party's or a Non-Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or Non-Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>:  Except as otherwise provided in this Order (*see, e.g.*, sections 2.8 and 2.16 above and the second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)   <u>For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings)</u>: The Producing Party to affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top, bottom or right margin of each page that contains Protected Material or, alternatively, on the first page of a multi-page document, if the entire document is protected.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party should endeavor to identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins) and specify, for each portion, the

1  level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
2  ATTORNEYS' EYES ONLY").
3        A Party or Non-Party that makes original documents or materials available for
4  inspection need not designate them for protection until after the inspecting Party has indicated
5  which material it would like copied and produced.  During the inspection and before the
6  designation, all of the material made available for inspection shall be deemed "HIGHLY
7  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the
8  documents it wants copied and produced, the Producing Party must determine which documents,
9  or portions thereof, qualify for protection under this Order; then, before producing the specified
10 documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
11 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top, bottom or right margin
12 of each page that contains Protected Material.  If only a portion or portions of the material on a
13 page qualifies for protection, the Producing Party also should endeavor to identify the protected
14 portion(s) (*e.g.,* by making appropriate markings in the margins).  Where large amounts of data are
15 produced electronically on a CD-rom or disk, it is sufficient to label the CD-rom or disk itself
16 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Under
17 such circumstances, the entirety of the data contained on the CD-rom or disk shall be treated as if
18 each individual document resident thereon were so marked, and any excerpts printed from such
19 electronically stored data shall be identified by the Party using the excerpt as "CONFIDENTIAL"
20 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate.
21       (b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>:
22 The Party or Non-Party shall designate the testimony or identify on the record, before the close of
23 the deposition, hearing, or other proceeding, all protected testimony, and further specify any
24 portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
25 ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of
26 testimony that is entitled to protection, and when it appears that substantial portions of the
27 testimony may qualify for protection, the Party or Non-Party designating the testimony may
28 invoke on the record (before the deposition or proceeding is concluded) a right to identify the

JOINT STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER – CASE NO. 1:13-CV-00798–LJO-SMS

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") within 30 days of the court reporter's mailing of the transcript or within 30 days after entry of this Order, whichever is later.  Only those portions that are appropriately designated for protection shall be covered by the provisions of this Order.

Transcript pages containing Protected Material and Confidential Information and Items must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

(c) <u>For information produced in some form other than documentary, and for any other tangible items</u>: The Producing Party to affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, should identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

5.4 <u>Past Designations</u>.  The Parties have a right to secure protection under this Order for qualified material that has been produced or generated in the course of this Action prior to the enactment of this Order, if the qualified material is appropriately designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.5     Customer Identification.  The Parties shall identify by initials only any and all Customers referenced in any and all materials exchanged in or created pursuant to this Action, including but not limited to deposition testimony, written discovery, and documents produced. The parties shall agree to redact all but the initials of customers from any documents or transcripts before filing such materials in the public record.

## VI.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process.

6.3     Judicial Intervention.  If the Parties are not able to agree during the meet and confer process, then either Party may file and serve a motion pursuant to the local rules of this Court. The Party asserting the claim of confidentiality or privilege shall bear the burden of proof on that issue. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given in the meet and confer dialogue.  The failure by any Party to meet and confer in good faith before seeking the Court's intervention shall be sufficient grounds, in and of itself, for the Court to

rule against that Party.

  6.4 Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS

  7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

  7.2 <u>Disclosure of Confidential Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated "CONFIDENTIAL" only to:

    7.2.1 the Receiving Party's Counsel of record in this Action, House Counsel and their internal support staff;

    7.2.2 the officers, directors, and employees of the Receiving Party (other than those covered by subsection 7.2.1 above) to whom disclosure is reasonably necessary for this litigation;

    7.2.3 Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Appendix A);

    7.2.4 the Court and its personnel;

    7.2.5 court reporters, their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

      7.2.6   during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material and Confidential Information and Items must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

      7.2.7   the author of the document or the original source of the information.

   7.3   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

      7.3.1   the Receiving Party's Outside Counsel, House Counsel and their internal support staff;

      7.3.2   the Court and its personnel;

      7.3.3   the author of the document or the original source of the information; and

      7.3.4   witnesses, Experts, or Professional Vendors in this litigation, provided, however, that the Receiving Party will disclose to the Producing Party its intention to share the particular document(s) with the witness at least ten days in advance before showing the witness, Experts, or Professional Vendors the document(s), so that the Producing Party may seek intervention by the Court prior to disclosure.

**VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately, and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the

subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Agreement to Be Bound" that is attached hereto as Appendix A.

## X. FILING PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS

No Party may file in the public record any Protected Material, unless: (1) the Party has obtained prior written permission from the Designating Party; (2) the Party is filing the documents pursuant to a Court order secured after appropriate notice to all interested persons; or (3) the Party moves the Court for an order sealing such documents upon a showing of good cause in compliance with the requirements of the United States District Court, Eastern District of California, Local Rules 140 and 141.

## XI. PRIVILEGED MATERIAL

The Parties shall be permitted but not obligated to review materials for privilege and/or

work product protection prior to producing them in this matter. If a Producing Party discovers that it has produced Privileged Material, it may notify the Receiving Party, which will promptly destroy or return all copies of such Privileged Material. Furthermore, if the Receiving Party has already disclosed the Privileged Material prior to receiving this notice, the Receiving Party must take reasonable steps to retrieve the materials or ensure their destruction. Unless otherwise agreed by the Parties in writing, no Party shall be permitted to retain Privileged Material after receiving notification under this section, even if the Parties dispute the privilege and/or work product status of the materials. If the Parties subsequently agree or the Court orders that such materials should be disclosed, the Producing Party will produce new copies of the materials.

## XII. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this Action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4 (DURATION) above.

## XIII. PUTATIVE CLASS MEMBER CONTACT INFORMATION

13.1 <u>Attorneys' Eyes Only</u>. Any contact information of putative class members that

Defendants provide to Plaintiff's Counsel, whether in response to a Court order or otherwise in this litigation, will be designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", and will be used only for the purposes of this litigation.  Putative class members shall retain a valid privacy interest in their contact information unless they personally waive it.

13.2     Initial Contact.  During any and all initial contact that Plaintiff's Counsel has with any and all putative class members, Plaintiff's Counsel must inform them that Defendants were compelled by court order to disclose their contact information, that the communication is highly confidential, and include contact information of Defendants' Counsel, accompanied by a statement that Defendants' Counsel does not represent putative class members.

13.3     Filed Under Seal.  Plaintiff's Counsel shall not file with the Court or make any other public filing that sets forth putative class members' contact information.  Any filing requiring any putative class members' contact information shall be filed under seal.

13.4     Destruction.  After the litigation terminates, Plaintiff's Counsel shall either return the list of putative class member contact information to Defendants' Counsel —keeping no separate physical or electronic copies—or destroy any and all lists or documents that include putative class members' contact information.

## XIV.   MISCELLANEOUS

14.1     Right to Further Relief.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

14.2     Right to Assert Other Objections.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use of any of the material covered by this Stipulated Protective Order at trial, in evidence or otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: January 5, 2015     **GARTENBERG GELFAND HAYTON LLP**

By: /s/ Neal J. Fialkow (filed with permission)
Neal J. Fialkow
Attorneys for Plaintiff
Arturo Salgado, Individually and on behalf of all others similarly situated

Dated: January 5, 2015     **WINSTON & STRAWN LLP**

By: /s/ Joan B. Tucker Fife
Joan B. Tucker Fife
Attorneys for Defendants
LAND O'LAKES, INC. and KOZY SHACK ENTERPRISES LLC

**ORDER**

**IT IS SO ORDERED.**

Dated: 1/6/2015     By: /s/ SANDRA M. SNYDER
UNITED STATES MAGISTRATE JUDGE

# APPENDIX A

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| ARTURO SALGADO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAND O'LAKES, INC., KOZY SHACK ENTERPRISES, INC., and DOES 1-25, inclusive,<br><br>Defendants. | **Case No. 1:13-cv-00798-LJO-SMS**<br>Assigned to Honorable Lawrence J. O'Neill and the Honorable Sandra M. Snyder<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

By signing this document, I hereby certify that I have read the Stipulated Protective Order ("Order") in the above-captioned case. I understand the responsibilities and obligations the Order imposes on persons viewing the material encompassed by the Order, and I agree to be bound by all of the provisions of the Order, so as to enable me to view the material encompassed by the Order. I understand that any violation of the Order by me or anyone acting under my direction may subject me to penalties for contempt of Court and/or other relief sought by a Party to the above-captioned matter. I hereby consent to the personal and subject matter jurisdiction over me by the Court for purposes of enforcing my agreement here.

Dated:

_____
Signature

_____
Name (Printed)

_____
Address

**Winston & Strawn LLP**
**333 S. Grand Avenue**
**Los Angeles, CA 90071-1543**